(6) In the case of indirect shipments exported from one country through another, if the invoice is post certified and post dated, the date of the bill of lading may be used in the absence of other evidence, if the bill of lading was issued in the country of export.

(7) The date of actual shipment may be taken when there is presented a bill of lading showing the date of shipment, provided such bill of lading has been certified in accordance with the provisions of section 2904 of the Revised Statutes.

In support of the plaintiff's theory he cites the case of *United States* v. *Bloomingdale Bros. & Co.*, 10 Ct. Cust. Appls. 149, T. D. 38400, which holds, among other things, that "customs laws have always contemplated that invoices in due form made in accordance with statutory requirements and not discredited or impeached were, in the absence of other proof, admissible as some evidence of the facts stated therein, and that the administrative practice and the judicial tribunals have conformed to that interpretation." It must be borne in mind that in the *Bloomingdale* case the question there was as to the character of the merchandise, the thread count in the fabric, etc. The statement of the merchant concerning the character of the goods he exported would be in the nature of things a matter within his knowledge, it seems to the court. But it is not easy to understand how he could know the exact date his merchandise might cross the border of the country of exportation in its journey to destination. Aside from that fact the collector did not accept the statement as positive proof of the date of exportation and, since his action is presumptively correct, can the court now say, with no greater degree of evidence before it than the collector had before him, that he was wrong in refusing to accept the statements in question as positive proof of date of exportation?

In the *Bloomingdale* case the question involved was the identity of merchandise, and not an extraneous fact relating to the date merchandise passes the border of one country into another. In the case herein the statements on the invoices are not verified, except by an unsworn certificate which says, "and that all the statements contained herein and in such invoice are true and correct." In a court of law evidence is presented under oath. A declaration under oath would have constituted, of course, positive proof.

We do not feel justified in saying that the collector's action, taken in view of all the evidence now presented to the court, and, for all we know, possibly other evidence, should be set aside. Rather we deem it the duty of the court to indulge in the presumption that he acted within the law in this instance.

The protest will be overruled. It is so ordered.

**No. 45762.**—Protest 25883–K of T. M. Duche & Sons, Inc. (New York).

Opinion by EVANS, J. In view of the agreement of counsel that the ginger is not composed in chief value of manufactured sugar it was held not dutiable under the Sugar Act of 1937 as claimed.

**No. 45763.**—Protests 959415–G, etc., of Fritzsche Bros., Inc. (New York).

Opinion by EVANS, J. In accordance with stipulation of counsel and on the authority of *Wilson* v. *United States* (28 C. C. P. A. 63, C. A. D. 126) the ginger root in question was held free of duty under paragraph 1768 as claimed.

**No. 45764.**—Protests 987108–G, etc., of T. H. Lung Co. et al. (Boston).